*-*IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JASON PARKER**                                                                                          **PLAINTIFF**

v.                                                                                    CAUSE NO. 1:24cv358-LG-BWR

**B.W. BOATWORKS, INC.**
**doing business as BLACKWATER**
**SPORTFISHING BOATS, INC. et al.**                                                    **DEFENDANTS**

**ORDER REQUIRING THE PARTIES TO FILE**
**RULE 7.1(a)(2) DISCLOSURE STATEMENTS**

Plaintiff Jason Parker filed this lawsuit against Defendants on November 18, 2024.  Plaintiff alleges the Court has both federal and diversity subject matter jurisdiction.  One or more of the claims arise solely under diversity jurisdiction pursuant to 28 U.S.C. § 1332.  While reviewing the record in this case, the Court has determined that the parties have not provided sufficient information concerning their citizenship to enable the Court to determine whether it has subject matter jurisdiction over these claims.

Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).  Where jurisdiction is based on an allegation of diversity of citizenship, the citizenship of the parties must be "distinctly and affirmatively alleged." *Getty Oil Corp. v. Ins. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.

1975)).  The basis of jurisdiction cannot be established argumentatively or by mere inference.  *Mullins v. Testamerica Inc.*, 300 F. App'x 259, 260 (5th Cir. 2008) (remanding where defendant's citizenship had not been sufficiently pleaded for diversity purposes).

The parties to a lawsuit filed in federal court based on diversity jurisdiction must file a disclosure statement that names and identifies the citizenship "of every individual or entity whose citizenship is attributed to that party or intervenor." Fed. R. Civ. P. 7.1(a)(2).  Each party was required to file these statements "with its first appearance, pleading, petition, motion, response, or other request addressed to the court." Fed. R. Civ. P. 7.1(b).  As a result, the Court orders the parties to provide disclosure statements by July 28, 2025.

The Court reminds the parties that *citizenship*, not residence, is the pertinent inquiry for determining diversity of citizenship.  *See J.A. Masters Invs. v. Beltramini*, 117 F.4th 321, 322 (5th Cir. 2024) ("While the underlying pleadings mentioned the residence of each party, they did not specifically identify the citizenship of each party—a common yet unfortunate mistake when invoking a federal court's diversity jurisdiction.").  For corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *See Getty Oil Corp.*, 841 F.2d at 1259 (emphasis added); 28 U.S.C. § 1332(c)(1).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the parties are each required to file citizenship disclosure statements pursuant to Fed. R. Civ. P. 7.1(a)(2) on or before **July 28, 2025**.

**SO ORDERED AND ADJUDGED** this the 21st day of July, 2025.

*s/ Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE